## LUDGER GENEST *vs.* L'UNION ST. JOSEPH.

Middlesex. March 3. — 31, 1886. W. ALLEN & HOLMES, JJ., absent.

The by-laws of an incorporated benevolent society provided that a member who became incapable of working, in consequence of sickness or accident, should receive from the society a certain sum per week; and that he could not receive such benefit without making application in writing to the society, nor before two members appointed by the president had visited him and made a report to the society. A member of the society became ill, and was unable to work. He gave due notice in writing of his illness to the society, and a committee of the society visited him and reported his condition to the society; and, on a day named, he was entitled to receive from the society a certain sum for two weeks' illness, which was afterwards tendered to him. On that day, he resumed work at his regular employment, and worked for two consecutive days, receiving his

wages therefor; but during the two days he was not physically in a fit condition to work, and could only perform light work, and not even that without unreasonable, excessive, and harmful exertion. During the time he was so employed, a committee of the society visited his house, and afterwards reported to the society that he had returned to work, and the committee was discharged by the society. At the expiration of the two days, he suffered a relapse, and was unable to work for a period sufficient to make four weeks from the date of his first illness by including said two days in the computation; but no notice of his illness was given to the society after the day when he so resumed work, and the society took no action thereon. He then brought an action against the society, to recover the amount of the benefit for four weeks. The judge, who tried the case without a jury, found for the plaintiff. *Held*, that it could not be said, as matter of law, that the plaintiff might not be deemed "incapable of working" during the time in question, within the meaning of the by-law.

CONTRACT by a member of the defendant society, to recover $20, alleged to be due the plaintiff according to the by-laws of the society. Trial in the Superior Court, without a jury, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The defendant is a charitable and benevolent association, duly incorporated under the laws of this Commonwealth, composed exclusively of French Canadians, and governed by the following by-laws, among others:

" Article 13. When an application for benefit is made to the Union by a sick member, the president names two members to visit him, and they make their report at the following meeting."

" Article 17. A member who is not disqualified, and who finds himself incapable of working in consequence of sickness or accident, receives from the Union five dollars a week."

" Article 18. No member can enjoy any benefit until twelve months after his admission into the Union, funeral expenses excepted, if he is not indebted for more than three months.

" No sick member can receive benefit without making application to the Union in writing, and the application dates from the day on which it is presented to the president, or from that on which it is mailed; further, the first week is payable only in case the sickness is prolonged to two weeks or more.

" No sick member can receive benefit from the Union before two members have visited him, and these visitors have made their report to the Union."

The plaintiff, who is a carpenter by occupation, is, and has been for two years past, a member of said society, and entitled

to all its privileges and benefits. On or about November 20, 1884, the plaintiff became ill and unable to work, and, by reason of such illness and inability, ceased to work. He gave due notice in writing of said illness to the president of said society, as required by article 18 of the by-laws. A committee of said society visited the plaintiff, and reported his condition to the society, as required by article 13 of the by-laws; and on December 10, 1884, the plaintiff was entitled to receive from said society for said illness the sum of ten dollars, which sum was duly tendered by the defendant to the plaintiff prior to the date of the plaintiff's writ in this action.

On said December 10, the plaintiff resumed work at his regular employment as carpenter, and worked two full days in succession, and received his wages therefor; but during said two days the plaintiff was not in fit physical condition to work, and could not work without unreasonable, excessive, and harmful effort and exertion, and did not and could not perform the heavier kind of carpenter work, though he did the work required by the condition of the building in the erection of which he was employed. During the time when he was so employed, a committee of the society visited his house, and afterwards reported to the society that he had returned to work, and the committee was discharged by the society.

On December 12, 1884, the plaintiff found himself unable to return to his work, by reason of the same kind of illness complained of on November 20, and remained at his home unable to work on that day, and for a period of time thereafter sufficient to make four weeks from said November 20, by including the tenth and eleventh days of December in the computation; but no notice of his illness was given to the society subsequently to December 10, 1884, and the society took no action thereon.

Upon these facts, the judge refused to rule, as requested by the defendant, that the action could not be maintained; and found for the plaintiff. The defendant alleged exceptions.

*F. W. Qua*, (*F. P. Marble* with him,) for the defendant.

*E. B. Quinn*, for the plaintiff.

C. ALLEN, J. The only question is whether the plaintiff had become capable of working on December 10, 1884, so that he was no longer entitled to the benefit of the Union, under his

notice.   This was a question of fact, and must be deemed to have been conclusively decided in favor of the plaintiff, unless the detailed facts are inconsistent with such a finding.   On examining the detailed facts reported by the judge, we cannot say that the plaintiff might not be deemed "incapable of working," within the just meaning of the by-law.   The fact of his having done some work is not the final test.   The by-law must have a reasonable construction.   A man recovering from an illness of about three weeks' duration may justly be deemed to be "incapable of working," although by unreasonable, excessive, and harmful effort and exertion he succeeds in doing light work for two consecutive days, and then by reason thereof suffers a relapse.   That the recurrence of the plaintiff's illness was a relapse, caused by his excessive and harmful exertion, might fairly be inferred.   The fact that he received wages for those two days is immaterial.   But one report from the committee for a continuous illness is contemplated in the by-laws.   Such report having been made, the plaintiff was not affected by what they did afterwards, or by their discharge.

*Exceptions overruled.*