## Thomas H. Meley's Case.

Suffolk.    October 6, 1914. — October 24, 1914.

Present: Rugg, C. J., Loring, Sheldon, De Courcy, & Crosby, JJ.

*Workmen's Compensation Act. Practice, Civil,* Appeal, Costs. *Words,* "Incapable of use," "Whole cost."

Under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 445, that the additional compensation to be paid "in case of the loss of a hand, foot, thumb, finger or toe" shall also be paid "in case the injury is such that the hand, foot, thumb, finger or toe

is not lost but is so injured as to be incapable of use," where the evidence before the Industrial Accident Board shows that the hand of a workman was cut across and that most of the flexor tendons were severed, and that those of the thumb were cut, so that the hand was permanently disabled, although some things might be carried on the thumb as a hook and a steel splint might be used on the hand which would be much better than amputation, the board are warranted in finding that the normal use of the hand had been taken away entirely, and consequently that it was "so injured as to be incapable of use."

Where under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 445, additional compensation has been awarded to a workman for an injury to his right hand that rendered it incapable of use, he also may be awarded further additional compensation for incapacity to use the little finger of his left hand by reason of an injury sustained at the same time.

*Whether* in the provision of the workmen's compensation act contained in St. 1911, c. 751, Part III, § 14, that "If . . . any court before whom any proceedings are brought under this act determines that such proceedings have been brought, prosecuted, or defended without reasonable ground, it shall assess the whole cost of the proceedings upon the party who has so brought, prosecuted or defended them," the words "whole cost" mean all the expenses which reasonably have been incurred, *or whether* they include only the amounts that would be included in the taxable costs of ordinary civil actions, it here was unnecessary to determine; because the court were of opinion that in the present case it could not be said that the appeal of the insurer was prosecuted without reasonable ground.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Jenney*, J. The material facts found by the Industrial Accident Board are stated in the opinion.

The judge made a decree, confirming the decision of the Industrial Accident Board, and determining, that there were payable to the employee, Thomas H. Meley, weekly payments of $7.04 each, on account of a total incapacity for work resulting from a personal injury which arose out of and in the course of his employment, such payments to continue during such total incapacity for work, but not exceeding a period of five hundred weeks and the amount not exceeding $3,000; that there was payable to said Thomas H. Meley a further amount of $436.48 in weekly payments of $7.04 each for twelve weeks, on account of the permanent loss of the use of the little finger of the left hand, and in weekly payments of $7.04 each for fifty weeks on account of the permanent loss of the use of the right hand; and that all payments should date from the day of the injury, May 21, 1913.

The insurer appealed from the decree.

The provisions of St. 1911, c. 751, Part III, § 14, referred to at the end of the opinion, are as follows: "Section 14. If the committee of arbitration, Industrial Accident Board, or any court before whom any proceedings are brought under this act determines that such proceedings have been brought, prosecuted, or defended without reasonable ground, it shall assess the whole cost of the proceedings upon the party who has so brought, prosecuted or defended them."

*H. C. Tuttle,* (*W. J. Nolan* with him,) for the insurer.

*F. J. Horgan & J. F. Barry,* for the employee, submitted a brief.

SHELDON, J. It is admitted that compensation rightly was awarded to Meley for a total incapacity to work. *Sullivan's Case,* 218 Mass. 141. The only question raised upon the insurer's appeal is whether he was entitled to any and what additional compensation for the injuries to his hands under the provisions of the workmen's compensation act, St. 1911, c. 751, Part. II, § 11, as amended by St. 1913, c. 445. This amendment provides that the additional amounts to be paid "in case of the loss of a hand, foot, thumb, finger or toe " shall also be paid "in case the injury is such that the hand, foot, thumb, finger or toe is not lost but is so injured as to be incapable of use: provided, that when the incapacity ceases the said additional payment shall also cease." The insurer contends that the words "incapable of use" require a total incapacity for use. Assuming this to be so, it has been found by the Industrial Accident Board, affirming the findings of the committee of arbitration, that the right hand of this employee "has been so injured as to be incapable of use," and that the incapacity is permanent. If this finding was warranted upon the evidence, it is conclusive. *Herrick's Case,* 217 Mass. 111. *Nickerson's Case,* 218 Mass. 158, 160. We cannot say that it was unwarranted. The hand was cut across and most of the flexor tendons were severed. Those in the thumb were cut. A physician testified that the hand was permanently disabled. The board was not required to accept as decisive the testimony of the physician called by the insurer. Even that testimony went little farther than to say that some things might be carried on the thumb as a hook, and that a steel splint might be used which would not hurt

the hand, and that this would be much better than amputation. But we find no evidence that even with such an appliance there would be any real ability to use the hand. Certainly it could be found that the normal use of the hand was wholly gone, and so that the hand was "so injured as to be incapable of use." The incapacity of use need not be tantamount to an actual severance of the hand; it is enough that the normal use of the hand has been taken entirely away. This is the reasoning of *Garcelon v. Commercial Travelers' Eastern Accident Association*, 184 Mass. 8, and *Genest v. L'Union St. Joseph*, 141 Mass. 417.

Still further compensation was allowed to Meley on the finding that the little finger of his left hand was so injured as to be incapable of use. Plainly the finding of fact was warranted. But the insurer contends that the hands are not to be considered separately, and that additional compensation cannot be given for the incapacity to use one finger of the other hand. The insurer's argument has some plausibility; but the plain words of the statute are against it. It is settled that the statute provisions are to be construed liberally for the protection of the injured employee, whose rights to compensation either at common law or under the employers' liability act (St. 1909, c. 514, §§ 127 *et seq.*) it has taken away. *Donovan's Case*, 217 Mass. 76, 79.

It cannot be said that this appeal was prosecuted without any reasonable ground; and we ought not to charge "the whole cost of the proceedings" upon the insurer, under the provisions of St. 1911, c. 751, Part III, § 14. Accordingly we need not consider whether the words "whole cost" mean all the expenses which reasonably have been incurred, or include only the amounts which would be included in the taxable costs of ordinary civil actions.

The decree of the Superior Court must be affirmed.

*So ordered.*