## FRANK FLOCCHER'S CASE.

Suffolk.    March 3, 1915. — May 19, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Workmen's Compensation Act.   Words, "Incapable of use."*

Under the provision of the workmen's compensation act contained in St. 1911, c. 751, Part II, § 11, as amended by St. 1914, c. 708, § 6, by which additional compensation is to be awarded in case a "hand, foot, thumb, finger, toe or phalange is not lost but so injured as to be permanently incapable of use," where the elbow of the injured workman's right arm is gone permanently, the right hand is paralyzed, leaving only a slight power of motion in the thumb and first finger and there is "interference of the circulation, so that he has a hand that goes to sleep," and where by a suggested operation the arm could be bent so as to remain stiff at a right angle instead of hanging straight at his side "and he would be able to use it for various purposes which he could not do with it by his side," but upon the testimony it can be found that it is pure speculation whether, if the workman should submit to such an operation, the hand ever would become in any normal sense a useful member, a finding is warranted that the workman's right hand is "permanently incapable of use."

PIERCE, J.   This is a claim under the workmen's compensation act.   The right of the claimant to receive a payment of $10 a week for total incapacity is admitted, and such payments have been made from week to week as they became due.

The insurer, however, does question that part of the decision which allows the claimant specific compensation for fifty weeks at $10 a week, for permanent loss of the right arm (hand) under the provision of the workmen's compensation act, St. 1911, c. 751, Part II, § 11, as amended by St. 1914, c. 708, § 6.   This amendment provides that the additional amounts to be paid "in case of the loss of a hand, foot, thumb, finger, toe or phalange, shall also be paid for the number of weeks above specified in case the injury is such that the hand, foot, thumb, finger, toe, or phalange is not lost but so injured as to be permanently incapable of use."

This statute, so far as quoted, puts in implicit form the law as to the permanency of the injury assumed in *Meley's Case,* 219 Mass. 136, to be the reasonable construction of the words "incapable of use" as set down in St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 445.   The words "incapable of use"

should receive a construction which, while fairly within their interpretation, is not narrow and technical, nor on the other hand so free and liberal as to give a right which the words themselves do not fairly import.

In the case at bar, for practical purposes, the ability to use the hand to the extent of a small amount of motion in the thumb and first finger, with the middle, ring and little finger paralyzed and with an interference of the circulation to such a degree that the hand goes to sleep, is negligible. The use approaches the infinitely small, and must be disregarded if we are to prevent the technical impairment of a humane provision of law. *Meley's Case, supra.*

But it is said that an operation will aid the improvement of the thumb and forefinger by making them more accessible and thereby leading to their being used more. If the claimant is not to be subjected to unusual risk and danger arising from the anæsthetic to be employed or from the nature of the proposed operation, it is the claimant's duty to submit if it fairly and reasonably appears that the result of such operation will be a real and substantial physical gain. *Tutton v. Owners of Steamship Majestic,* [1909] 2 K. B. 54. *O'Neill v. Brown & Co. Ltd.* [1913] Sess. Cas. 653.

Does it appear that the result of an operation upon the claimant will be a real and substantial gain? At present the elbow of the claimant's right arm is permanently gone, the right hand, save "a small amount of motion in the thumb and first finger," is paralyzed, and there is "interference of the circulation, so that he has a hand that goes to sleep." The operation proposed is to place the arm, under ether, in a right angle and then have the arm set. This leaves the elbow permanently impaired, but gives the arm a wider field of motion than when hanging at the side.

Dr. Donoghue said: "It will be a long while after the operation before he will acquire the use of his arm. You could not make any prognosis of it." "With his arm at a right angle, he would be able to do certain things. . . . He could not do much at the end of a long stiff arm. . . . An operation would give him a stiff arm at a right angle, but he could button his clothes, or get his hand to his mouth, and he would be able to use it for various purposes which he could not do with it by his side. . . . He would have a more useful arm bent in a right angle than he

has at present, and one that he could use to do some work with. . . . It is simply a question of impairment. It would be less impaired in a right angle than where it is. It would be pretty close to being permanently incapacitated for use, even after this operation."

Upon the testimony it could be found that it was pure speculation whether the hand ever would become in any normal sense a useful member.

No attempt was made to fix the limit of time within which the partial relief of the hand's total incapacity would become manifest save that no prognosis could be made.

It well may be asserted that it would be unreasonable to put the claimant at least to the discomfort attending an operation the result of which would be the probability of a shoulder "stretched out" and of muscles "used up," and in addition doubt as to the time within which some uncertain and indeterminate degree of benefit reasonably might be expected.

The finding that the right hand is "permanently incapable of use" was warranted and no error of law appears. *Herrick's Case,* 217 Mass. 111. *Meley's Case,* 219 Mass. 136. The decree of the Superior Court must be affirmed.

*So ordered.*

*A. L. Richards,* for the insurer.
*H. D. Crowley,* for the employee.