WILLIAM T. KEYWORTH *vs.* ATLANTIC MILLS.

NOVEMBER 14, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)* *Workmen's Compensation Act. Entire Loss of Sight.*

The language of Workmen's Compensation Act, Article II, Sec. 12, paragraph b, "the entire and irrecoverable loss of sight of either eye," must be taken

in its ordinary sense and cannot be extended to cover the case of one who has had the sight of his eye reduced to ten per cent of the normal vision.

PETITION under Workmen's Compensation Act. Heard on appeal from decree of Superior Court and appeal denied.

VINCENT, J.    On October 5, 1918, the petitioner filed his petition in the Superior Court setting forth that on July 23, 1917, being at the time in the employ of the respondent as a painter, he fell out of a second-story window whereby he sustained two broken ribs, the loss of sight of his right eye and various bruises, and became totally incapacitated for an undetermined period; that compensation is being made for total incapacity but that no compensation has been made for the loss of his eye; and that he is entitled to the additional or special compensation provided in Section 12, Paragraph b. of Article II of the Workmen's Compensation Act.

After a hearing, the Superior Court ordered and decreed that "the petitioner is entitled to compensation for total incapacity at the rate of ten dollars ($10.) per week beginning on the 23rd day of July, A. D. 1917, and continuing during the period of total incapacity but not exceeding a period of five hundred weeks from the date of said injury," and that "petitioner is entitled to no additional compensation for the entire and irrecoverable loss of sight of an eye under the provisions of Paragraph b. of Section 12 of Article II of the Workmen's Compensation Act."

From this decree of the Superior Court the petitioner has taken an appeal which is now before us.

The only question raised by the appeal is whether or not the petitioner has brought himself within the provisions of Paragraph b. before referred to.   It appears from the transcript of the testimony produced at the hearing before the Superior Court that the petitioner has not sustained a total loss of the sight of his right eye but that, on the contrary, he still retains about ten per cent of the normal vision which is useful to a limited extent for certain purposes and that he

also retains a stereoscopic vision of some value, although it would not afford him any assistance in a vocational pursuit.

(1) Upon this state of the testimony the petitioner argues that, having lost so much of the vision of the right eye that it would no longer serve him in any occupation in which he might engage in earning his livelihood, this court should give to the words of the statute, "the entire and irrecoverable loss of sight of either eye" an interpretation broad enough to cover his case. In other words that a man with the sight of his eye reduced to ten per cent. of the normal vision should be deemed to have suffered the "entire and irrecoverable loss of sight" therein.

With this contention of the petitioner we cannot agree. We think the words of the statute must be taken in their ordinary sense and that their meaning is clear. To say that this statute was designed to go any further than to provide for additional compensation for injuries which resulted in total and complete loss of sight would amount to a distortion of its language.

The view which we now take is in accord with the opinion of this court in *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309. In that case the petitioner's thumb was injured in a manner which made it necessary to remove therefrom a small piece of bone and to sever pieces of tendons and flesh rendering the thumb permanently stiff. The Superior Court found that the injury to the petitioner's thumb did not bring him within the terms of the Workmen's Compensation Act providing for additional compensation, "for the loss by severance" of a thumb and such finding was held to be without error by this court.

*In re J. & P. Coats, Inc.* for an opinion, 41 R. I. 289, this court held that where the employee at the time of the accident was blind in one eye and sustained a loss of sight in the other and thereby became totally blind, he was entitled to compensation based upon total disability but not to the additional compensation provided for by Section 12 of the Workmen's Compensation Act for the entire and

irrecoverable loss of the sight of both eyes, and in its opinion said, ''The purpose of section 12 is plainly to provide compensation for specified injuries in addition to the compensation otherwise provided for in the act.   There is and can be no question that the specified injury in this case is 'the entire and irrecoverable loss of the sight of' one eye, and not of both, and accordingly the employee is entitled to compensation therefor for 50 weeks, and not for 100 weeks.''

In the petitioner's brief several cases are cited construing the Workmen's Compensation Acts in other states but as such decisions are based upon language differing from that of our act they are not particularly helpful and do not seem to us to demand any special discussion.

The petitioner's appeal is denied and dismissed; the decree of the Superior Court is affirmed and the cause is remanded to said court for further proceedings.

*Waterman & Greenlaw, Charles E. Tilley,* for petitioner.

*Gardner, Pirce & Thornley, Benjamin M. McLyman, Charles R. Haslam, of counsel,* for respondent.