M. CIRULLO *vs.* SOCIETY SONS OF CALABRIA, INCORPORATED.

Berkshire.    September 21, 1926. — October 13, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Fraternal Beneficiary Corporation,* By-laws.

By-laws of a fraternal corporation providing sick benefits for its members were as follows: "70. The payment of sick benefit will be made, weekly if the member desires it, and on the report of the society doctor and on the presentation of doctor's certificate." "79. The sick member may be cared for by another doctor at his own expense, however he may not refuse the visit of the society doctor for the purpose of ascertaining the nature of his illness. In case he refused to permit the society doctor to visit him he will lose his right to aid." "80. The sick member who is receiving aid shall not leave the house or the hospital without the permission of the society doctor, under penalty of suspension of the aid." A member who was being treated by the corporation's physician was told by him that he must not leave his house. That physician not calling when requested by the member for several days, the member sent for his own physician who thereafter attended him and was paid by him. By direction of such physician, he went to his office by automobile for electrical treatments. The corporation physician refused to give a certificate to the corporation as a basis for sick benefit and the member's own physician gave such a certificate. In an action by the member for sick benefit, it was *held,* that

(1) The by-laws must be read together;

(2) Article 80 did not apply where a member availed himself of the privilege given by article 79 and employed his own physician;

(3) The member having employed his own physician as permitted by article 79, the certificate of such physician satisfied the requirements of article 70.

CONTRACT against a fraternal corporation for sick benefits. Writ in the District Court of Northern Berkshire dated October 10, 1925.

Evidence and requests for rulings, and findings and rulings by the judge in the District Court are described in the opinion. There was a finding for the plaintiff in the sum of $156. The judge, at the defendant's request, reported the action to the Appellate Division for the Western District, who ordered the report dismissed. The defendant appealed.

*M. E. Couch,* for the defendant.

*H. P. Drysdale,* for the plaintiff.

CROSBY, J. This action is brought against a fraternal organization to recover sick benefits. There was evidence before the trial judge tending to show that the plaintiff for at least two years next prior to the bringing of the writ had been a member of the organization in good standing; that he had an attack of arthritis in his left knee joint on March 18, 1925, which caused him severe pain and incapacitated him from work up to the time of the commencement of this action; that Dr. Crofts, the society's doctor, was notified of the plaintiff's illness, and attended him at his home several times before and including April 2, 1925; that after this date the plaintiff sent messages to Dr. Crofts requesting him to call and attend him; that Dr. Crofts did not call for several days, and on April 6 the plaintiff placed himself under the care and treatment of Dr. Gangemi, who remained on the case until the time of the commencement of these proceedings, his services being paid for by the plaintiff; that while Dr. Crofts was in attendance he told the plaintiff that he must not leave his house, and he never received permission of Dr. Crofts to leave the house during his illness; that Dr. Gangemi prescribed electric treatment and massage and directed the plaintiff to come to his office for such treatment as it could not be given at the plaintiff's home; that the plaintiff was carried by automobile to Dr. Gangemi's office for such treatment, and he knew when he went there that it was without Dr. Crofts' permission and against his orders.

A translation of the defendant's by-laws, which were printed in Italian, are in part as follows:

"Article 70. The payment of sick benefit will be made, weekly if the member desires it, and on the report of the society doctor and on the presentation of doctor's certificate."

"Article 79. The sick member may be cared for by another doctor at his own expense, however he may not refuse the visit of the society doctor for the purpose of ascertaining the nature of his illness. In case he refused to permit the society doctor to visit him he will lose his right to aid.

"Article 80. The sick member who is receiving aid shall not leave the house or the hospital without the permis-

sion of the society doctor, under penalty of suspension of the aid."

Dr. Crofts testified that the plaintiff did not follow his directions, and he told him there was no use treating him unless he did so; that electric massage would be injurious; and that when the plaintiff left his home it was without his (the doctor's) directions and without his permission.

Before the commencement of the action, Dr. Crofts was requested by the plaintiff to give a certificate of the plaintiff's illness and refused; Dr. Gangemi, however, gave such a certificate which was sent to and received by the defendant; and the plaintiff made written demand on the defendant for the payment of sick benefits, but none were paid.

At the close of the evidence, the defendant made the following requests for rulings: "1. That upon the evidence the plaintiff cannot recover.  2. The plaintiff, having testified that he left his house, he must, in order to recover, prove that he did so with the permission of the defendant's society doctor, and if he so left the house during the time he claims sick benefits, his right to sick benefits is suspended, and he cannot recover by reason of Article 80, page 25 of the by-laws of defendant, if he left the house during the time he claims sick benefits, without the society doctor's permission.  3. In order to recover in this action, the plaintiff must show that the provisions of Article 70, page 23 of the by-laws of defendant organization have occurred, to wit: That a report of the Society's Doctor has been made and the presentation of the doctor's certificate, by the plaintiff to the defendant."  These requests were refused by the court who made certain findings of fact and found for the plaintiff.

The employment by the plaintiff at his own expense of a doctor other than the society's doctor was expressly authorized by Article 79.  While under the care of Dr. Gangemi he could follow that doctor's directions and go to his office for treatments without violating the provisions of Article 80 which, properly construed, do not apply to a case where a member employs a physician other than the society's doctor. These provisions of the by-laws must be taken together and interpreted reasonably.  It must be assumed that where

a member exercises his right under Article 79 to employ another doctor he is under the care of that doctor and may follow his instructions, and he does not forfeit his right to aid if, under such instructions, he goes to the doctor's office for treatments which he cannot receive in his own home. Such must be the reasonable and just meaning of articles 79 and 80 when construed together. *Genest* v. *L'Union St. Joseph,* 141 Mass. 417, 420. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336.

The plaintiff cannot be deprived of the aid provided for in articles 66, 70, 71 and 72 of the by-laws, because he did not present a certificate issued by the society's doctor, the latter having refused to issue one after request made to him by the plaintiff. When a member elects to have the services of a physician other than one furnished by the society under Article 79, it is plain that the physician actually employed may furnish the society with such a certificate.

No contention is made that the plaintiff refused to permit the society's doctor to visit him for the purpose of ascertaining the nature of his illness, as provided in Article 79.

Unless the provisions of Article 70 are limited to the payment of weekly benefits, they are not applicable to the present case where the plaintiff employed a doctor other than the society's doctor and the former issued a certificate and the latter refused to do so. There is no evidence tending to show that the plaintiff was dissatisfied with the care and treatment received from the society's doctor. The trial judge found that after the last visit of this doctor on April 2, 1925, the plaintiff sent messages requesting him to call, but as he did not do so for several days the plaintiff summoned Dr. Gangemi on April 6, 1925.

The defendant's requests could not properly have been given.

*Order dismissing report affirmed.*