JAMES H. WALSH *vs.* C. J. FOX COMPANY.

DECEMBER 15, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for specific compensation for the loss of use of petitioner's right thumb and hand as a result of an accident arising out of and in the course of his

employment. The petition alleged that the thumb had been rendered stiff so as to be useless and as a consequence his right hand had also become useless, entitling him to specific compensation for such loss by virtue of the provisions of general laws 1938, chapter 300, article II, §12. From a decree of the superior court denying and dismissing the petition, petitioner has appealed to this court.

The appeal in substance raises a question as to the proper construction of the words which we have italicized in the following paragraph of §12: "Where any bodily member or portion thereof has been rendered *stiff so as to be useless,* compensation * * * shall be paid as if the member or portion thereof had been severed completely." Petitioner contends that the trial justice erred by not giving those words a liberal construction in applying them to the peculiar facts of the instant case.

The record discloses that those facts are substantially as follows. The petitioner, on September 21, 1945, while operating a paper-cutting machine for the respondent lost by severance four fingers and the greater portion of the palm of his right hand. His thumb and wrist, however, were uninjured. Since the accident he has received specific compensation for the loss of his fingers and is now receiving compensation at the rate of $20 a week for total incapacity. For a long time after the accident his right hand was immobilized which was the cause in part of a limitation of motion in his thumb and wrist. It appears from the evidence, however, that the joint at the base of the thumb where it joins the wrist is almost normal so that it can be moved forward and backward and around but not enough to permit the thumb to touch the remaining portion of his right hand. The thumb joint at the knuckle can be bent forward slightly, and the joint nearest the tip of the thumb can be bent forward somewhat and backward normally. The wrist can be bent downward or forward somewhat and turned from right to left, but with difficulty from left to right. It was conceded in the medical testimony that

the remnant of the right hand being what it is the thumb is practically useless.

The trial justice specifically found from the evidence that petitioner's right thumb was not *stiff so as to be useless* but was rendered useless solely because he had practically no right hand with which his thumb could cooperate so as to function in the manner intended and designed by nature. He further found that while there was substantial limitation of motion in the wrist and thumb it did not amount in either instance to *stiffness* within the meaning of that word in the statute.

The trial justice obviously construed the statute to mean precisely what it says. The question he had to determine in the circumstances was not merely whether the limitation which he found to exist in some degree in both the thumb and the wrist made them stiff within the meaning of the statute but also whether they had become useless solely as a result of such limitation of motion. In our opinion he correctly applied the rule of law to the facts as found. Granted, as petitioner argues, that the ordinary meaning of the word "stiff" according to Webster's New International Dictionary (2d ed.) 1946, p. 2475, is "Not moving with ease; not limber; bending with difficulty" and that under such definition both his thumb and wrist are stiff, this does not solve the problem. The further question remains whether the degree of stiffness of itself is such as to render the thumb or wrist useless. As we read the transcript there is evidence from which the trial justice could find as he did that it was the almost total loss of petitioner's right hand, or as he termed it "absence of the hand," and not solely the stiffness of the thumb or wrist which rendered them useless.

But the petitioner argues that the legislature could not have intended that its language should be given such a construction, because in 1947 it amended the pertinent paragraph of §12 with which we are concerned here to read as follows: "Where any bodily member or portion thereof has been rendered permanently stiff so as to be useless, or

permanently useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely." Public laws 1947, chap. 1941. It is true that by virtue of that amendment compensation may now be granted where the bodily member has been rendered "permanently useless" but of course such subsequent legislation cannot be used retroactively to give the language of the section the broader scope which it now imports as amended. On the contrary such legislative action shows, if anything, that the prior language, in the opinion of the legislature itself, was not reasonably susceptible to such interpretation and therefore it was necessary to legislate further in order to give the statute a broader scope.

Petitioner has also cited the recent case of *Vick* v. *Aubin*, 73 R. I. 508, in support of his contention that under a reasonable or liberal construction of the original language of the section "absolute stiffness or rigidity" need not be shown to warrant compensation. That case is not at variance with what is decided here. There at page 513 it was held that we should give the words "rendered stiff so as to be useless" their ordinary meaning and that in the absence of any definition prescribing the amount or degree of stiffness it should be considered such as to cause the member to be useless. The trial justice to all intents and purposes followed that method in reaching his decision and in our opinion he did not err in doing so.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Edmund Wexler,* for petitioner.

*Francis V. Reynolds,* for respondent.