LAURA STEELE vs. DARLINGTON FABRICS CORPORATION.

JUNE 15, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This petition is entitled a petition to review an agreement for compensation under the workmen's compensation act, general laws 1938, chapter 300, but in effect

it is a petition under article II, §12, of that act, as amended, for specific compensation for the loss of use of petitioner's right arm allegedly because of stiffness caused by a compensable accident. Without objection, the trial justice so treated it and we shall do likewise.

After a hearing in the superior court, he expressly found that petitioner's right arm was rendered stiff at the elbow joint but that no portion of it was "stiff so as to be useless." A decree containing such findings and denying and dismissing the petition was thereupon duly entered. From that decree petitioner has appealed to this court substantially on the grounds that it is against the law and that there is no legal evidence to support the findings therein contained.

On October 20, 1936 petitioner received a personal injury to her right arm by accident arising out of and in the course of her employment with respondent. Since that date, by virtue of an agreement in regard thereto duly approved by the director of labor in accordance with the provisions of art. III, §1, of the act, she has been receiving compensation for total incapacity. On June 1, 1948 she brought the instant petition claiming thereunder that the accident had rendered her arm stiff so as to be useless and that she was, therefore, entitled to compensation for such specific injury under art. II, §12, in addition to her compensation for total incapacity for work. At the time of petitioner's injury that section provided: "Where any bodily member or portion thereof has been rendered stiff so as to be useless, compensation in accordance with the above schedules shall be paid as if the member or portion thereof had been severed completely."

The evidence of the present condition of her right arm is undisputed. Aside from the petitioner herself the only witness who testified concerning it was Dr. Herbert E. Harris, the surgeon who operated on her arm after the accident and who on certain occasions thereafter examined her. Respondent's counsel cross-examined Dr. Harris and

at the conclusion of petitioner's case stated that he would not present any medical testimony as it would be substantially to the same effect. There is no question from the evidence but that petitioner sustained an extremely disabling injury to her arm to such an extent that its function as a useful member of her body is very greatly diminished. It is agreed that her forearm is "in a position half way between full supination and full pronation" and that it is "impossible to flex this elbow, or extend it." In other words as far as flexing or extending it is concerned it is fixed. In this respect the right arm is stiff at the elbow joint but that fact is not sufficient to prove that the arm is useless.

However, the evidence further shows that there was some limitation of motion in the right shoulder; that for over four years petitioner's right hand was incapable of normal use; that the right little finger is smaller than the left; that she cannot adduct it except by pushing it against the other finger; that it and her ring finger are numb; that she can pick up only light objects with her right hand but cannot turn her hand over; and that she is unable to do her housework with her right hand and has to have it done by others except that she makes beds with her left hand.

Doctor Harris, however, testified that her thumb and the middle and index fingers of the hand are good and also that "she has a great deal of help with that forearm." The evidence also shows that petitioner could hold a book or paper in her right hand and that under her arm she could hold small packages against her body. Such capacities are very far indeed from a normal use of the arm. However, it must be conceded that, notwithstanding the fixed condition of the elbow, the resulting awkward position of the forearm, and the greatly diminished functioning of the hand, the evidence tends to show a residue of use in the right arm besides a lack of real stiffness at the shoulder and also at the wrist.

The question presented by such a factual situation is twofold. Is petitioner's right arm stiff within the meaning

of that word as it is used in the context of the statute, and if so is the stiffness such as to have rendered the arm *useless* in its true sense? She argues that both questions can be reasonably answered in the affirmative if this court will give to §12 a liberal interpretation. Under such an interpretation she contends that the uselessness of the injured member need not be tantamount to an actual severance thereof nor need it be stiff in the absolute sense. If the *normal* use has been entirely taken away or the residual use is "infinitely small" she urges that under a liberal interpretation of the law such use should be disregarded as too technical to prevent the statute from operating to afford an injured worker the humane relief intended to be effected by the act. She claims that such a view was taken in Massachusetts under a somewhat similar statute in *Meley's Case,* 219 Mass. 136, and *Floccher's Case,* 221 Mass. 54.

We have examined those cases and agree with petitioner that they appear to be authority for the degree of liberality in statutory interpretation for which she is here contending. It does not appear, however, that the Massachusetts statute is like our statute for specific compensation. For example, in the *Meley* case the court in quoting from the statute said it provided "that when the incapacity ceases the said additional payment shall also cease." There is no indication in the *Floccher* case that at the time of that opinion the statute was different. Apparently additional compensation under the Massachusetts statute is a supplement to the compensation for incapacity to work so that when such incapacity ends the additional compensation ceases also.

The provision of our statute for specific compensation is in no way dependent upon the injured workman's incapacity to work. If he suffers the loss of a member within the meaning of the statute he is entitled to specific compensation for that loss regardless of his incapacity for work. Such compensation is more in the nature of damages for each specific loss. Whether or not this difference in the two

statutes would have altered the decisions in the above cases we cannot say. In any event we deem it of such consequence as to detract from the persuasiveness which such decisions otherwise might have with us if the Massachusetts court had before it a statute identical with ours.

Bearing in mind as we must that the provision of our statute for specific compensation for the loss of use of a member is not limited to compensation for incapacity but is in the nature of damages for such loss and originally was solely for loss by severance, we are constrained not to place an interpretation on the legislative language which would give such damages in too liberal a fashion. The statute plainly states that the stiffness of the member must render it "useless," not "useless for all practical purposes," and not useless in the sense that the *normal* use has been entirely taken away. We take it "useless" was used in the sense that, from a functional aspect, the body is no better off with the member than it would be if the member had been severed. If it is stiff to an extent that some useful function still inheres in it, even though it be very limited, we cannot reasonably say that it is useless within the fair intendment of the statute. Merely because the functional use is minor or subnormal would not be sufficient for the court to disregard the plain meaning of the word "useless" in the context of the statute.

We think there was evidence to warrant the trial justice's finding that the petitioner's right arm was not rendered stiff so as to be functionally useless within the fair meaning of that word as we have interpreted it above. His view of the scope of the statute is, we think, reasonably consistent with the view of it which we have heretofore expressed in *Walsh* v. *C. J. Fox Co.*, 76 R. I. 345, and *Vick* v. *Aubin*, 73 R. I. 508. That view is, in our opinion, as liberal an interpretation of the statute as this court is justified in making. The rule of liberal construction in the workmen's compensation act does not authorize us to distort the plain

language of the act. *Keyworth* v. *Atlantic Mills*, 42 R. I. 391.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

ON MOTION FOR REARGUMENT.

JULY 13, 1951.

PER CURIAM. After our opinion was filed in the above-entitled case the petitioner, by leave of court, filed a motion for reargument substantially on the ground that we misinterpreted the language of general laws 1938, chapter 300, article II, §12, which provides that "Where any bodily member or portion thereof has been rendered stiff so as to be useless" specific compensation shall be paid as if it were severed.

She construes such language to mean "stiff so as to be useless *at the wrist,* stiff so as to be useless *at the elbow, etc."* (emphasis hers) Such is not the language of the statute. On the contrary it provides for compensation for loss of the arm by severance at or above the elbow or where it or any "portion thereof has been rendered stiff so as to be useless."

If we were to adopt the petitioner's construction she would receive compensation for the loss of use of her arm notwithstanding that there is a certain movement in the shoulder and that she has the use of her hand to a considerable degree. What the statute contemplates is compensation for loss of use of the arm at or above the elbow as though it were severed. While there is use at the wrist and in the thumb and fingers it cannot be reasonably found that the arm is stiff so as to be useless.

It may well be, however, that petitioner could show that a portion of some of her fingers are useless, but this could not be done under her present petition as she does not specifically allege therein that any portion of such members is stiff so as to be useless.

In view of the petition and evidence which were before

us we see no reason for granting a reargument, and the petitioner's motion is therefore denied.

*Corcoran, Foley & Flynn, Francis R. Foley,* for petitioner.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for respondent.