FREDERICK HENDERSON'S CASE.

Suffolk. November 4, 1965. — December 6, 1965.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act,* Special fund, Reimbursement of insurer, Permanent incapacity, Lump sum settlement.

Evidence warranted a finding by the Industrial Accident Board in a workmen's compensation case that a shoe factory worker who had suffered permanent incapacity of his right hand subsequently incurred permanent incapacity of the left hand within G. L. c. 152, § 37, when it "got caught" in a cutter. [685]

G. L. c. 152, § 37, requires the Commonwealth in the circumstances specified to reimburse a workmen's compensation insurer for fifty per cent of a lump sum settlement under § 48 of the insurer's liability for compensation under §§ 31, 32, 34, 34A, 35 and 35A, even though § 37 makes no mention of § 48 or of lump sum settlements. [685]

In a proceeding by an insurer under the Workmen's Compensation Act for fifty per cent reimbursement under G. L. c. 152, § 37, from the special fund established by § 65, of compensation paid to the employee in a lump sum settlement, a contention by the Commonwealth that the insurer was not entitled to reimbursement because the settlement had included redemption of the insurer's liability for specific injuries under § 36, expressly excluded from reimbursement under § 37, was without merit where the record warranted a finding by the Industrial Accident Board that the settlement had not included benefits under § 36. [685-686]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act upon a petition by the insurer for reimbursement.

The case was heard by *Kalus, J.*

*Leonard Glazer,* Special Assistant Attorney General (*Paul F. X. Powers,* Assistant Attorney General, with him), for the Commonwealth.

*Daniel A. Canning* for The Travelers Insurance Company.

SPIEGEL, J. This is a petition for reimbursement under G. L. c. 152, § 37,[1] brought by The Travelers Insurance Company (insurer) before the Industrial Accident Board (board). The case is here on appeal by the Commonwealth from a final decree of the Superior Court ordering the State Treasurer to reimburse the insurer the amount of $7,154.32 out of the special fund established under G. L. c. 152, § 65, in accordance with the decision of the board.

The evidence at the hearing most favorable to the insurer is herewith summarized. The employee has worked in shoe factories all of his adult life. In 1919, he suffered complete amputations of the second, third, fourth and fifth fingers of his right hand rendering it "100% disabled." On May 4, 1962, while working, his left hand "got caught" in one of the cutters. "It took the ring finger off and part of the middle finger, and injured the little finger. The little and index fingers were jammed so the knuckles are cracked and useless." Consequently, he is unable to tie his shoes or button his shirt. A physician testified that the employee "has 100% disability in that hand," in terms of the work he had done all his life, and "for all practical purposes" with respect to loss of function for everyday

---

[1] General Laws c. 152, § 37, provides in material part: "Whenever an employee who has previously suffered a physical impairment resulting in the loss by severance, or the permanent incapacity, of one hand at or above the wrist . . . incurs further disability by the loss or permanent incapacity of a hand . . . by reason of a personal injury for which compensation is required by this chapter, he . . . shall be paid the compensation provided for by sections thirty-one, thirty-two, thirty-four, thirty-four A, thirty-five or thirty-five A, in the following manner: Such compensation shall be paid by the insurer . . . who shall be reimbursed for fifty per cent thereof by the state treasurer from the fund established by section sixty-five; but, the additional compensation required by section thirty-six shall be paid by the insurer. The word 'compensation' as used in this section for the purposes of reimbursement hereunder shall include also payments for medical and hospital services within the meaning of section thirty."

living as well. The insurer paid the employee $14,308.64 including a lump sum settlement of $12,000, certain medical benefits and weekly payments made prior to the settlement. In addition the insurer paid $2,500 in benefits under G. L. c. 152, § 36, for which it cannot receive reimbursement.

The Commonwealth contends that "the evidence presented at the hearing on the insurer's petition was insufficient as matter of law to warrant the finding that the injury to the employee's left hand in 1962 resulted in the permanent incapacity of said hand." We are satisfied from our examination of the entire record that the evidence warranted the board's finding of "permanent incapacity of the left hand." *Meley's Case,* 219 Mass. 136, 138. *Floccher's Case,* 221 Mass. 54, 56. See *Frennier's Case,* 318 Mass. 635, 640.

The Commonwealth also contends "that the lump-sum settlement payment made by the insurer to the employee [under § 48] is not subject to reimbursement under section 37," because "[n]o mention is made of section 48 nor of lump-sum settlements" in § 37.

A lump sum settlement under § 48 is "as near as possible to the present value of all the compensation payments which the employee would be entitled to receive in the future." *Paltsios's Case,* 329 Mass. 526, 529. In that sense it is "the compensation provided by" those sections of the Workmen's Compensation Act which establish liability. (See § 37.) Further, § 48 permits settlement "whenever the division deems it to be for the best interests of the employee." It is reasonable to assume, if no reimbursement is made for settlements, insurers will refuse to settle. Such a result would not be in the "best interests of the employee" and frustrate the purpose of § 48 in allowing settlements. We are of opinion that § 37 requires the Commonwealth to reimburse the insurer for a settlement of the insurer's liability for compensation under §§ 31, 32, 34, 34A, 35 and 35A.

Another contention of the Commonwealth is that "a lump-sum settlement includes redemption of liability re-

garding specific injuries under section 36,"[2] which is "specifically excluded from reimbursement" under the statute. The insurer paid $2,500 in § 36 benefits in addition to the settlement, but the Commonwealth argues that "[t]he record does not specify under what subdivision of section 36 this award was made," and therefore the insurer had a further potential liability under § 36.

The insurer requested reimbursement for "compensation which it has paid the employee under the Act, excluding any Section 36 benefits." It then listed the compensation paid for which it requested reimbursement, including the settlement and specifically excluding $2,500 in § 36 benefits. This amounts to an allegation that the settlement did not include any § 36 benefits. The Commonwealth had an opportunity to dispute this before the board and in the Superior Court, but we find nothing in the record to indicate that it did. The board was warranted in finding "that the insurer has paid . . . (partially by way of a lump sum settlement approved by the . . . [board] on January 22, 1963), the amount of $14,308.64, exclusive of the amounts paid under section 36 of the Act."

*Decree affirmed.*

---

[2] Section 36 reads in part: "In case of the following specified injuries the sum of twenty dollars a week shall be paid, in addition to all other compensation, for the following periods: —. . . (h) For bodily disfigurement the number of weeks which, according to the determination of the industrial accident board, reviewing board or single member, is a proper and equitable compensation, not to exceed one hundred and twenty-five weeks, which sum shall be payable in addition to all other sums under this section wherever the same shall be applicable. . . . (m) For loss by severance of the left or minor hand at the wrist, a period of one hundred weeks. . . . (q) If the member, whether leg, foot, arm or hand, is not lost by severance, but is so injured as to be permanently incapable of use, for the same number of weeks as though it were severed; provided, however, that if the loss of use is less than total, then for such period of weeks in proportion to the period applicable in the event of total loss of use of said leg, foot, arm or hand as the functional loss bears to the total loss of use of such leg, foot, arm or hand."