## MASTI E. ETHIER'S CASE.

Suffolk.   March 4, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act.*

St. 1911, c. 751, Part II, § 11 (d), provides for additional compensation to an injured employee "for the loss by severance of at least one phalange of a finger, thumb, or toe." St. 1913, c. 696, amending that section, provides in (e) that "the additional amounts provided for in this section in case of the loss of a hand, foot, thumb, finger or toe shall also be paid . . . in case the injury is such that the hand, foot, thumb, finger or toe is not lost but is so injured as to be permanently incapable of use." *Held,* that under these statutes no award is justified of additional compensation for the severance of a part of one phalange of a finger, which made the terminal phalange, but not the finger, permanently incapable of use.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Pierce,* J. The employee was a carpenter. On June 25, 1913, he was injured by his finger coming in contact with a jointer and was incapacitated for two weeks and four days. The first phalange of the left index finger was injured in such a way that practically all the nail had been taken off. Besides a claim for total incapacity for work, the employee made a claim for additional compensation under St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 696. The Industrial Accident Board, upon the claim for additional compensation, found that "the terminal phalange of the forefinger of the left hand is permanently incapable of use." Their finding as to the nature of the injury is stated in the opinion.

The board found that the employee received a personal injury arising out of and in the course of his employment on June 25, 1913, and that his total incapacity for work ceased on July 13, 1913; that his average weekly wages were $21 and that there was due him from the insurer the total sum of $125.71, this being twelve weeks' additional compensation at $10 a week, $120, and four sevenths of a week's compensation at $10, $5.71, on account of total in-

capacity for work dating from July 8, 1913, the fifteenth day after the injury.

The judge made a decree approving the findings of fact of the Industrial Accident Board, and ordered that payments should be made to the employee of the amounts of compensation awarded by the board, including $120 for additional compensation.

The insurer appealed.

*R. J. Cotter,* for the insurer.

*D. E. Leary, G. D. Cummings & G. F. Leary,* for the employee, submitted a brief.

BRALEY, J. The first phalange of the left index finger of the employee was so injured that practically all the nail had been removed, or, as stated in the findings of the Industrial Accident Board, the phalange was three fourths of an inch long, one half inch having been severed, leaving only one quarter of an inch, rendering "the terminal phalange . . . permanently incapable of use." The insurer, while admitting its liability for the amount due for incapacity for work, contends that so much of the decree as awards additional compensation because of the nature and permanency of the injury should be reversed.

The right to additional compensation rests upon the provisions of St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 696. By the original act the insurer must pay at the rate specified "for the loss by severance of at least one phalange of a finger, thumb, or toe," and by the amendment the same amount is to be awarded "in case the injury is such that the hand, foot, thumb, finger or toe is not lost but is so injured as to be permanently incapable of use." The amended statute, if given the most liberal interpretation, contains no reference to the permanent incapacity of an injured phalange, and under the finding of the board, which was warranted by the evidence, a construction cannot be adopted placing upon a parity the severance of a phalange with an injury to the phalange not resulting in the permanent incapacity for use of the entire finger.

It follows that the decree must be modified by the omission of the award "for twelve additional weeks' compensation," and when so modified it is affirmed.

*So ordered.*