### ERNEST J. LEMIEUX'S CASE.

Suffolk. January 18, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

There is nothing in St. 1911, c. 751, Part II, §§ 15, 23, as amended by St. 1912, c. 571, § 5, which requires that a claim for compensation under the workmen's compensation act shall state anything more than "the time, place, cause and nature of the injury;" and the particular results of the injury, which often cannot be anticipated, are not required to be stated.

An agreement under the workmen's compensation act between the insurer and an injured employee for specific additional compensation for twenty-five weeks for the loss of three fingers, and its approval by the Industrial Accident Board, are not a final determination that the injury to the employee consisted of the loss of three fingers and was not an injury to the hand rendering it incapable of use, and the injured employee, after the compensation under the agreement has been paid in full, still has the right to claim other additional compensation for a further period of twenty-five weeks under St. 1913, c. 445, § 1, as amended by St. 1914, c. 708, § 6 (e), for a hand "not lost but so injured as to be permanently incapable of use."

PIERCE, J. It is admitted that the employee was injured on July 7, 1913, and that he has received partial compensation and an additional compensation under the provisions of the workmen's compensation act, St. 1911, c. 751, Part II, § 11, as amended by St. 1913, c. 445.

---

* Entered by order of *Wait,* J., affirming the decision of the Industrial Accident Board.

The only question now presented is whether upon the facts the employee is entitled to receive a further twenty-five weeks' additional compensation for a hand "permanently incapable of use," under the provisions of St. 1913, c. 445, § 1, as amended by St. 1914, c. 708, § 6 (*e*).

On May 12, 1915, the Industrial Accident Board wrote to the Contractors Mutual Liability Insurance Company, "The board understands that this employee's compensation has been cut off since March 15, 1915, although he is incapacitated for work by reason of the injury and unable to obtain any work at which he can earn wages. The medical adviser has seen this employee and reports that in his opinion the injured hand is permanently incapable of use. This is shown by the X-ray and the hand itself. The board rules informally that the employee is entitled to additional compensation for a period of fifty weeks from the date of the injury and that compensation should be continued on the basis of total incapacity for work since March 15, 1915. We suggest that you file an agreement with the board covering the additional compensation due, and advise us, that in accordance with our suggestion, you are paying incapacity compensation." On May 14, 1915, the insurer replied to the board, "We have your favor of the 12th inst. with reference to this case, and beg to advise that we have already completed the payment to this man of twenty-five weeks' additional compensation for the loss of the fingers. Taking the position that the hand was not totally incapable of use, up to the present time there has been no claim of total incapacity of this hand, and if we are to understand that that claim is now made, it is a matter that will have to be determined at the hearing which is now set down for June 4th. It is not our desire to inconvenience the board in any way or take advantage of the injured man, but we have found it exceedingly difficult to deal with this man and his family, each and all having adopted an antagonistic attitude throughout our dealings, and practically telling us that there was no intention of endeavoring to better the injured man's position by seeking employment, which we feel sure he could avail himself of. We believe that the only solution of the problem will be a hearing, and we shall be pleased to abide by the findings of the committee."

Thereupon a hearing was had before the arbitration committee

upon the single question "whether the injury was such as to render the hand permanently incapable of use." The employee and the insurer were represented by counsel and, so far as appears, the hearing was held without objection. The committee found "upon all the evidence that the employee . . . received a personal injury . . . by reason of which his right hand was rendered permanently incapable of use."

This finding was affirmed by the Industrial Accident Board upon a review of the evidence, and was warranted by the visible external physical condition of what remained of a hand as also by the internal loss of bone structure as shown by an X-ray photograph, by the testimony of the employee as to how he could use it and by that of the physician who concluded his testimony with the statement that "The hand has no use as a hand." *Meley's Case*, 219 Mass. 136. *Floccher's Case*, 221 Mass. 54. There being reasonable evidence to support this finding, it is conclusive. *Herrick's Case*, 217 Mass. 111. *Sponatski's Case*, 220 Mass. 526, 530. *Burns's Case*, 218 Mass. 8.

The insurer contends that there can be no recovery in this case for specific compensation, because in the claim as filed, the nature of the compensation sought as well as the nature of the injury was not stated.

There is nothing in St. 1911, c. 751, Part II, §§ 15, 23, as amended by St. 1912, c. 571, § 5, which requires an injured employee to state at the peril of loss of compensation anything more than "the time, place, cause and nature of the injury." It is common knowledge that the results of physical injuries are very often not determinable at the time they are received; in the common course of events, a requirement that such result shall be stated is to demand the performance of an impossible thing.

The insurer argues that its agreement with the employee for specific additional compensation for twenty-five weeks for the loss of three fingers when approved by the Industrial Accident Board, was a final determination that the injury which the employee suffered was the loss of the fingers and not for injury to the hand rendering it permanently incapable of use. While the agreement as to additional compensation makes reference to "loss of three fingers of right hand," it does not state that it is intended

to cover all claims for other additional compensation under St. 1913, c. 445, § 1, as amended by St. 1914, c. 708, § 6 (*e*).

It follows that the agreement does not bar any action of the board based upon conditions which are not covered in the agreement. *Hunnewell's Case,* 220 Mass. 351.

The decree of the Superior Court * must be affirmed.

*So ordered.*

*J. F. Scannell,* for the insurer. ·

*C. J. McGilvray,* for the employee, submitted the case without argument or brief.

---

* Entered by order of *Wait,* J., affirming the decision of the Industrial Accident Board.