ANNIE RAMONDETTA'S CASE.

Essex.    December 2, 1921. — March 2, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Amount of compensation. *Words*, "The second joint."

The words, "at or above the second joint," as used in G. L. c. 152, § 36 (c), giving additional compensation to an employee "for the loss by severance at or above the second joint of two or more fingers, . . . of the same hand," mean at, or nearer to the wrist than, the joint that is second from end of the finger.

An employee who has lost one and one half phalanges of each of three fingers of a hand is entitled to the additional compensation provided by cl. d, and not to that provided by cl. c of G. L. c 152, § 36.

Upon certification of a decision of the Industrial Accident Board that an employee was entitled to additional compensation under G. L. c. 152, § 36 (d), by reason of a loss of "the distal phalanges of the second, third and fourth fingers, and half of the middle phalanges of these fingers" of her right hand, it appeared that the board's decision was upon review of a report by a single member which

included a finding that the remaining phalanges of the claimant's right hand, "while permanently incapable of use as phalanges, are still of such a character that they add sufficient to the use of the several fingers as to preclude a finding that the fingers had been lost at or above the second joint." A judge of the Superior Court ruled upon the record before him as a matter of law "that the hand is useless, and that she [the employee] is entitled to twenty-five weeks compensation." *Held*, that the ruling must be reversed, and additional compensation under cl. d and not under cl. e of that section of the statute must . be awarded.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board, more fully described below, relating to compensation to be paid to Annie Ramondetta for personal injuries received on March 15, 1918, while in the employ of the Ayer Mills.

The findings of the single member of the board and of the full board are described in the opinion.

In the Superior Court, the case was heard by *Bell, J.*, by whose order, after he had ruled as described in the opinion, a decree was entered directing the insurer to pay to the claimant $223.25 less $107.16 already paid on account of specific compensation. The insurer appealed.

*G. Gleason*, for the insurer.

*W. C. Ford & E. J. Ford*, for the claimant, submitted a brief.

CROSBY, J. The claimant, a spinner employed in the mill of the subscriber, was injured while cleaning the end of the frame, the fingers of her right hand becoming caught between the chain and sprocket gear. As a result of the injury the end, or distal phalanges, and one half of the next, or middle phalanges, of the fore, middle and ring fingers were severed; that is, one and one half phalanges of each of these fingers are gone. On each the end joint is gone; the next or middle joint remains.

The single member of the Industrial Accident Board found that the claimant was entitled to receive $140.33 for total disability; he further found "that this girl has not suffered the loss by severance of two or more fingers at or above the second joint. . . . that there was a certain portion of the phalange in each finger left below the second joint. These phalanges, . . . while permanently incapable of use as phalanges, are still of such a character that they add sufficient to the use of the several fingers

as to preclude a finding that the fingers had been lost at or above the second joint."

The Industrial Accident Board upon review found, "that total disability ended on July 12, 1918; that compensation should be paid to that date, at the rate of $8.93 per week, or a total of $140.33." No question arises respecting the correctness of this finding. The board further found, "that the distal phalanges of the second, third and fourth fingers, and half of the middle phalanges of these fingers are severed and the employee is entitled to additional compensation being $107.16. The total sum due under this decision is $247.49." Thereafter a decree was entered by a judge of the Superior Court in favor of the employee for $223.25, "minus one hundred and seven dollars and sixteen cents already paid on account of specific compensation." This was the equivalent of twenty-five weeks additional compensation. A motion to vacate the decree was filed by the insurer, and denied; and the insurer appealed from the decree.

The judge made the following ruling: "I rule as a matter of law on the papers before me that the petitioner has lost the second joint, that the hand is useless, and that she is entitled to twenty-five weeks compensation . . . being two hundred and twenty-three 25/100 dollars." The sole issue before the board upon the question of additional compensation was whether the claimant was entitled to compensation for twelve weeks or for twenty-five weeks. This must be determined under the proper interpretation of St. 1911, c. 751, Part II, § 11 (see now G. L. c. 152, § 36).

Clause "c" of that section provides that "for the loss by severance at or above the second joint of two or more fingers, . . . of the same hand" the employee is entitled to compensation for a period of twenty-five weeks. Clause "d" provides that "For the loss by severance of at least one phalange of a finger, . . ." the employee is entitled to compensation for a period of twelve weeks. There was medical testimony that the distal or first joint is the one farthest from the body; and we are satisfied that the act must be so construed. It is plain that the first joint is that nearest to the tip of the finger, and that the words in cl. "c" "at or above the second joint" mean at or above the second or middle joint. As the claimant's fingers were severed not "at

or above the second joint" but nearer the finger tip than that point, it is clear that she is not entitled to compensation under cl. "c". The single member's finding that she had "not suffered the loss by severance of two or more fingers at or above the second joint," was right, and the board in effect also so found. These findings of fact must stand as they were fully warranted by the evidence. The correct interpretation of cl. "c" apart from any evidence is that the second joint is the middle joint, or the second joint counting from the tip of the finger. The place where the fingers were severed was a question of fact; accordingly the ruling that the claimant had lost the second joints of the injured fingers was wrong, and the finding of the board was right.

The judge further ruled "that the hand is useless," (cl. "e"). That ruling cannot stand. The finding of the single member was to the effect that the hand was not so injured as to be useless or permanently incapable of use; the board on review failed to find such incapacity; and the rational inference to be drawn from the finding is that the hand was not incapable of use. The question was one of fact, and the finding was not unwarranted. *Meley's Case*, 219 Mass. 136. *Lacione's Case*, 227 Mass. 269. *Jakutis's Case*, 238 Mass. 308.

> *Decree reversed.*
>
> *Decree to be entered in accordance with the findings of the Industrial Accident Board.*