### JOHN PHILLIPS'S CASE.

Suffolk. October 7, 1931. — January 26, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Impartial physician's report, Compensation, Costs, Appeal. *Constitutional Law*, Due process of law, Equal protection of law.

Where an impartial physician did not testify at a hearing by a single member of the Industrial Accident Board in proceedings under the workmen's compensation act and no report was made by him until several days after the hearing, but the insurer did not object to the reception of the report or to its consideration by the single member and the board in review, nor otherwise seek to protect its rights with respect to the report, it was not open to the insurer to contend, for the first time at the argument in this court of an appeal from a decree of the Superior Court in accordance with the board's decision, that the report was not properly a part of the evidence in the case.

Where, in proceedings under the workmen's compensation act, the employee was awarded compensation and his right to further compensation was reserved, testimony by him at a further hearing by a single member of the Industrial Accident Board several months later, in substance that he still had trouble and that his condition was the same as at the time of the previous hearing; and a report by an impartial physician that the condition of the employee was in no wise different from that disclosed at his previous examination a few months before the first hearing, warranted a conclusion by the single member and by the board in review that the employee was still partially incapacitated, although there was ample evidence to show that the employee had recovered from the effects of his injury.

St. 1930, c. 208, amending G. L. c. 152, § 10, does not violate art. 11 of the Declaration of Rights nor art. 14 of the Amendments to the Constitution of the United States, even with respect to a case where costs were assessed under it against an insurer which had issued a policy of insurance to the subscriber previous to its enactment.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation and assessing costs under G. L. c. 152, § 10, as amended by St. 1930, c. 208.

Material evidence is stated in the opinion. By order of *Gray*, J., a decree was entered in the Superior Court in accordance with the board's decision. The insurer appealed. At the argument in this court, the insurer contended that said c. 208 violated art. 11 of the Declaration of Rights and art. 14 of the Amendments to the Constitution of the United States.

*P. L. Keenan*, for the insurer.

*L. M. Harlow*, for the claimant.

RUGG, C.J. This is an appeal by the insurer from a decree awarding compensation to the employee for injuries arising out of and in the course of his employment by a subscriber under the workmen's compensation act, and also awarding him as his costs under G. L. c. 152, § 10, as amended by St. 1930, c. 208, the sum of $35, according to assessment made by the Industrial Accident Board. The insurer challenges both elements of this decree.

The employee, some years ago in the State of Pennsylvania, suffered serious injury to his leg and thigh resulting in a shortening of the leg. Thereafter he came to this Commonwealth, entered the employ of the subscriber, and received injuries to the same leg on March 2, 1929. Whether those injuries were compensable under the act was tried and decided in favor of the employee by decision of the Industrial Accident Board filed on April 4, 1930. That compensation covered the amount due to March 20, 1930. No award was then made of compensation after that date, the employee's further rights to compensation being expressly reserved in accordance with the workmen's compensation act. Compensation in accordance therewith was paid by the insurer and no question is raised concerning the validity of that decision.

1. Several months later the employee claimed further compensation arising from the same injury and hearing

was had before the board member on October 29, 1930. At that hearing the impartial physician did not testify and no report was made by him. Under date of November 3, 1930, a report of the impartial physician was made and is printed as a part of the record. Apparently it was received and considered by the board member and by the reviewing board on appeal. The insurer did not object, either to the board member or to the reviewing board, to the reception or consideration of that report, or ask that it be stricken from the case, or request that the case be reopened in order that it might offer further evidence. The insurer now, for the first time so far as disclosed on the record, contends that this report was not properly a part of the evidence in the case.

It is provided by G. L. c. 152, § 9, that the department of industrial accidents or any member thereof "may appoint a duly qualified impartial physician to examine the injured employee and to report. . . . The report of the physician shall be admissible as evidence in any proceeding before the department or a member thereof; provided, that the employee and the insurer have seasonably been furnished with copies thereof." It is not contended that there was not compliance with every provision of this section including that as to furnishing copy of the report to the insurer. The insurer argues that, because the report was made after the conclusion of the hearing before the board member, it had no opportunity to impeach the physician in any particular, as to credibility, impartiality or qualifications, or to rebut or control the opinion expressed by him. In order to pave the way to argue these questions, the insurer should have taken appropriate steps before the board member or before the reviewing board, such as to object, to move to reopen the hearing, to recommit for further hearing, to offer evidence in its own behalf, or otherwise to protect its rights and to save exceptions to adverse rulings. The point is not now open. *Pigeon's Case*, 216 Mass. 51, 55. *Duprey's Case*, 219 Mass. 189, 193. *Korobchuk's Case*, 277 Mass. 534, 537. See *Emma's Case*, 242 Mass. 408.

2. The insurer also contends that there was no evidence to support the conclusion by the board member and the reviewing board that the employee is still partially incapacitated as the result of the injury sustained on March 2, 1929, while in the employ of the subscriber. The testimony of the employee was in substance that prior to that injury he was able to do the somewhat heavy work incident to his job with the subscriber; that after his injury in Pennsylvania he recovered, had no treatment by any doctor for his leg and "did not have any trouble with his leg at all"; that after his injury received while in the subscriber's employ he was operated on and remained at the hospital almost three months, and that after his discharge from the hospital he was in bed for a week, was obliged to use a crutch about two months, and still used a cane on December 3, 1929; that his condition at the time of the hearing now under review was the same as at the time of the previous hearing and award; that his old job was now too heavy for him; that he could not do it; that he is not able to bend up and down freely; that he "does not have any pain, the only thing is he gets tired. He can walk about a block on level places before getting tired but he could not walk on bad places at all . . . he is just like he was at the time of the last hearing." The statement of the impartial physician was that the condition of the employee was in no wise different from that disclosed at his previous examination, which apparently was on October 11, 1929. There was ample evidence to the contrary tending to show that the employee had recovered from the effects of his injury arising out of and in the course of his employment by the subscriber. The weight and credibility of all the testimony were for the board. Whether the employee was malingering was for it to decide. The case at bar is distinguishable from *Panagotopulos's Case*, 276 Mass. 600. In our opinion it cannot quite be said that there is no evidence to support the finding of the board.

3. The reviewing board by its decision filed on January 30, 1931, acted pursuant to power conferred by St. 1930, c. 208, and awarded in favor of the employee the sum of

$35 to be paid by the insurer as costs, including reasonable counsel fees. Since the injury to the employee occurred on March 2, 1929, obviously the contract of insurance was issued by the insurer to the subscriber more than a year prior to the operative date of said c. 208. The insurer assails the constitutionality of that statute·in general, and in particular as applied to the facts of the case at bar. Those questions have been decided adversely to its contentions by *DiFelici's Case, ante,* 180, where the subject is discussed at large.

*Decree affirmed.*