### THE LATHERIZER CORPORATION *vs.* DEPARTMENT OF PUBLIC UTILITIES.

Suffolk.    December 7, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Department of Public Utilities. Equity Jurisdiction,* Review of order of department of public utilities. *Constitutional Law,* Due process of law, Police power. *Corporation,* Foreign: sale of securities in this Commonwealth.

Upon a failure by a foreign corporation, which does no business in this Commonwealth except as its products are sold here and which has declared its intention to sell its securities here, to obey a requirement of the director of the securities division of the department of public utilities that it furnish him with the names and addresses of all its stockholders in this Commonwealth together with the number of shares, class and date appearing on each certificate issued to each of such stockholders, the director under §§ 12A, 12B, added to G. L. c. 25 by St. 1929, c. 287, § 1; G. L. c. 110A (inserted by St. 1921, c. 499, § 1) § 5 in the amended form appearing in St. 1924, c. 487, § 2; § 6 in the amended form appearing in St. 1924, c. 487, § 3, has power and authority to find that the sale of such securities is fraudulent in this Commonwealth within the meaning given in said c. 110A, § 2 (g), as amended by St. 1924, c. 487, § 1, and to order that they shall not be sold here.

In a bill in equity by the foreign corporation under § 7 of said c. 110A, to review, modify, amend or annul rulings and an order of the commission affirming the findings and order of the director of the securities division above described, the burden of proving the invalidity of the order rested upon the plaintiff; and, where the bill contained no averments of facts showing that the order was unreasonable, a demurrer was ordered sustained, all presumptions being made in favor of the reasonableness of the director's action.

The plaintiff's counsel, after the argument of the case above described in this court and because of a question asked him by a member of the court, wrote the court a letter merely setting forth a contention that the order attacked deprived the plaintiff of property without due process of law, but he did not, either in his brief or orally, address to this court any argument in support of such contention; and it *was stated* that discussion thereof by this court was not required.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on August 4, 1931, and described in the opinion.

The defendant demurred.    By order of *Wait,* J., the suit was reserved for determination by the full court.

During the argument in this court, the plaintiff's counsel was asked by a member of the court if he contended that the requirement to furnish a list of stockholders was a deprivation of property without due process of law. After the argument he wrote a letter to the court merely stating that he did so contend. Neither in his brief nor in his oral argument was there argument upon that contention.

*G. R. Lourie*, Assistant Attorney General, for the defendant.

*W. M. Silverman*, for the plaintiff.

FIELD, J. This bill in equity was brought in this court under G. L. c. 110A, § 7, inserted in General Laws by St. 1921, c. 499, § 1, against the commissioners of the department of public utilities and the director of the securities division of that department to review, modify, amend or annul rulings and an order of the commission. The defendant demurred generally. A single justice reserved the case on bill and demurrer for the determination of the full court.

The allegations of the bill are substantially as follows: The plaintiff is a foreign corporation doing no business in Massachusetts except as its products are sold here. On July 30, 1930, it "filed a certificate of intention to sell its securities in Massachusetts, and furnished the . . . [defendants] with all information requested by them as being in their judgment necessary to enable them to ascertain whether the sale of such securities would be fraudulent or would result in fraud." The plaintiff arranged for the sale of its securities through a qualified broker. At various times such securities were sold within the Commonwealth to persons who, by the purchase thereof, became stockholders of the corporation. By a letter dated October 30, 1930, the director required from the plaintiff other information all of which has been furnished except "the names and addresses of all of . . . [its] stockholders in this Commonwealth, together with the number of shares, class and date appearing on each certificate issued to each of such stockholders," which information the plaintiff refused to furnish. It was stated in the letter that "the failure to submit the information . . . shall . . . be deemed prima

facie evidence of fraud." Because of the plaintiff's failure to furnish this information the director "made a finding to the effect that the sale of such securities is fraudulent in Massachusetts, or would result in fraud, and that such securities shall not be sold or offered for sale in the Commonwealth of Massachusetts." The plaintiff appealed to the commission and was given a hearing. At this hearing the plaintiff requested rulings of law to the effect that the requirement that the plaintiff file a list of its stockholders resident in Massachusetts and their addresses was not authorized and that failure to furnish such information did not justify an order forbidding the sale of the plaintiff's securities. The commission affirmed the order of the director of the securities division and denied the requests for rulings. To review this order and, incidentally, the refusal of the commission to rule as requested, this suit is brought.

G. L. c. 110A, § 5, as finally amended by St. 1924, c. 487, § 2, provides that certain securities, which so far as alleged include the securities of the plaintiff, shall not be sold until a notice of intention to offer them for sale has been filed, provides for the filing with the commission of a statement containing information as to the names and addresses of the officers, the State of incorporation, the purpose of the corporation and its capitalization, and the purpose to which the proceeds of the proposed issue of securities are to be applied, and provides further that "Upon and after the filing of such notice the said security may be sold and offered for sale . . . subject to the right of the commission in its discretion to forbid its sale until the information required by this and the following section is filed with it and the commission has revoked its action in forbidding its sale." The following section (§ 6, as finally amended by St. 1924, c. 487, § 3) provides that if upon receipt and examination of such a notice or statement "the commission deems the information inadequate it shall make such further investigation as it shall deem necessary or advisable, and may require from the person filing such statement or from any person or persons issuing such security such further information . . . as may in its judgment be

necessary to enable it to ascertain whether the sale of such security would be fraudulent or would result in fraud. The failure to submit the information required by the commission within such reasonable time as it may specify shall in the absence of satisfactory explanation or of extension by the commission of the time for filing such information, be deemed prima facie evidence of fraud." See also § 6A, added to G. L. c. 110A by St. 1929, c. 287, § 3.

The words "fraud" or "fraudulent" as used in G. L. c. 110A, as amended, "include any misrepresentation in any manner of a relevant fact, such misrepresentation being intentionally dishonest or due to gross negligence, and any promise or representation or prediction as to the future not made honestly and in good faith, or an intentional failure to disclose a material fact; the gaining directly or indirectly, through the sale of any security of an underwriting or promotion fee or profit, selling or managing commission or profit, so gross and exorbitant as to be unconscionable, and any scheme, device or artifice to obtain such a profit, fee or commission; provided, however, that nothing herein shall limit or diminish the full meaning of the terms 'fraud' and 'fraudulent' as applied or accepted in courts of law or equity." G. L. c. 110A, § 2 (g), as amended by St. 1924, c. 487, § 1.

By §§ 12A and 12B, added to G. L. c. 25, by St. 1929, c. 287, § 1, there is created in the department of public utilities a securities division under the charge of a director to perform functions imposed upon it by the commission and, for the purposes of G. L. c. 110A, § 7, "an order or finding by said director, or his failure or refusal to make an order or finding, shall be deemed an order, finding, failure or refusal by the commission." See also G. L. c. 110A, § 2 (a), as amended by St. 1929, c. 287, § 2. Said § 7, as amended by St. 1922, c. 435, § 2, provides for an appeal from any order of the commission by any interested person aggrieved thereby and for a public hearing thereon before a majority of its members. It provides that upon request "by any such person, the commission shall rule upon any question of law properly arising in the course of such hear-

ing," and that at the "conclusion of such hearing, the commission shall reconsider and review the subject matter of such appeal," and gives to this court and to the Superior Court "jurisdiction in equity to review, modify, amend or annul any ruling, finding of fact, or order of the commission," in accordance with the procedure established by G. L. c. 25, § 5, so far as applicable.

The demurrer must be sustained.

The burden of proof of the invalidity of the order by express statutory provision rested upon the plaintiff. G. L. c. 25, § 5. There is no allegation and no contention that the director was not authorized to act for the commission in the performance of the functions imposed upon it by G. L. c. 110A, §§ 5 and 6, as amended, or that the statutory procedure was not followed. The only question argued is whether the commission had authority under the statute to require the plaintiff to furnish information as to its resident stockholders.

The bill does not show that the authority of the commission was exceeded.

The plaintiff contends that the history of proposed legislation indicates that the Legislature did not intend that in any case the commission should have power under G. L. c. 110A, as amended, to require information as to the stockholders of a corporation and, in support of its contention, refers to two petitions for legislation, with accompanying bills, filed respectively in the year 1927 and the year 1928. Each of these petitions sought an amendment to G. L. c. 158, § 37, as amended by St. 1926, c. 26, which requires certain miscellaneous corporations to file certificates of condition, by restoring to the section the requirement for the inclusion in the certificate of "the name of each shareholder and the number of shares standing in his name" which was struck out by the amendment of 1926. This amendment of 1926 put miscellaneous corporations in the same position in respect to furnishing lists of their stockholders as business corporations and foreign corporations. See G. L. c. 156, § 47; G. L. c. 181, § 12. This policy — to some extent contrary to an earlier policy, see

R. L. c. 110, § 57, and G. L. c. 158, § 37 — as to reports of condition generally furnishes no indication that the Legislature intended that information as to stockholders should not be required in a particular instance if needed for the purposes of G. L. c. 110A. Nor is such an intention to be inferred from the fact that the Legislature acted unfavorably on the petitions referred to by the plaintiff. We need not decide whether such unsuccessful attempts to secure legislation by a Legislature other than that which passed a statute ever can be of aid in its interpretation. Compare *Hood Rubber Co.* v. *Commissioner of Corporations & Taxation,* 268 Mass. 355, 358, and cases cited.

Nor is it necessary to trace the legislative history of St. 1929, c. 287, which added §§ 12A and 12B to G. L. c. 25. It is enough to say that this history does not show, as the plaintiff suggests, that these sections are limited in their application to securities of investment trusts.

G. L. c. 110A, as amended, in its terms is broad enough to authorize the commission to require information as to the resident stockholders of a corporation if in its judgment such information is necessary to enable it to ascertain whether the sale of the securities of that corporation would be "fraudulent" or would result in "fraud" within the meaning of those words as defined in the statute. Though the commission is not authorized thereby to make unreasonable demands for information, on review, in the absence of proof to the contrary (see *New England Telephone & Telegraph Co.* v. *Department of Public Utilities,* 262 Mass. 137, 141–142; compare G. L. c. 25, § 5, with G. L. c. 110A, § 7, as amended), all presumptions are to be made in favor of the reasonableness of the commission's action. See *Hall* v. *Geiger-Jones Co.* 242 U. S. 539, 554. It cannot be ruled that requiring a corporation to furnish information as to its resident stockholders is as matter of law unreasonable either because such information cannot be relevant to the matter to be determined by the commission or because its disclosure would necessarily be harmful to the corporation or to its stockholders. Conceivably, information might thus be obtained which would have a

material bearing upon the question whether the sale of the securities would be fraudulent or result in fraud. If the information would be material in the determination of this question, clearly it would not be unreasonable to require that such information be furnished for the use of the commission, and if harm would result from making any information public it is to be presumed that the commission would exercise its statutory power "to place on a separate file not open to the public, except on its special order, any information which it deems, in justice to the person filing the same, should not be made public." G. L. c. 110A, § 10 (a).

The bill sets forth no specific facts which tend to show that in this particular instance the demand for information was unreasonable. Though the bill alleges that all other information requested was furnished, it does not allege what information was furnished, nor any facts, known or unknown to the commission, as to the financial condition of the corporation, the nature of the securities, except that the purchasers thereof became stockholders in the corporation, or the circumstances under which they are to be sold, except that there is a duly qualified broker in Massachusetts. Nor does the bill specify any harm which would result from the plaintiff's furnishing such information. The meager facts alleged, if proved, would not establish the invalidity of the commission's action.

In one of the rulings refused by the commission it was assumed that there was before the commission no evidence of fraud except the refusal to furnish the information requested. Without intimating that the result would be different if this assumption was correct it is sufficient to say that its correctness is not disclosed by the record.

The plaintiff states that it contends that the order attacked deprived it of property without due process of law. However, no argument is addressed to us by brief or orally in support of this contention. Discussion of the contention by the court cannot be required when it is not regarded as of sufficient merit to admit of argument by counsel. *Commonwealth v. Dyer*, 243 Mass. 472, 508.

*Demurrer sustained.*