ABRAHAM DICKMAN *vs.* WILLIAM McCLELLAN.

Worcester.    September 27, 1938. — January 3, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Equity Jurisdiction*, Reformation, Mistake.  *Equity Pleading and Practice*, Appeal, Waiver.

Assuming that a real estate mortgage discharge in the statutory form did not release the mortgage note, reformation of the discharge so as to include such a release was proper upon warranted conclusions that the discharge was intended by the parties to be the expression of their agreement that a payment by the mortgagor accompanied by the giving of the discharge but without surrender of the note should operate as a release of the note and that failure to include such release in the discharge was due to their mutual mistake.

A defendant who had not pleaded the statute of frauds as a defence to a suit in equity for reformation could not rely on that defence in this court on appeal.

BILL IN EQUITY, filed in the Superior Court on December 30, 1937.

A master's report was confirmed, and by order of *Leary*, J., there was entered a final decree reforming the mortgage discharge so that the defendant thereby should "acknowledge satisfaction of the . . . [mortgage] and the note secured thereby," and enjoining the defendant from proceeding further with his action on the note.  The defendant appealed.

*F. W. Morrison*, for the defendant.

*H. Zarrow*, for the plaintiff.

QUA, J.  The case made out by the pleadings and the master's findings is essentially this: The defendant held the plaintiff's note for $3,000, secured by a mortgage on the plaintiff's real estate.  At a time when the full amount was admittedly due and payable the plaintiff paid the defendant $2,100 upon an oral agreement between the parties that such payment should cancel the entire indebtedness.  The defendant thereupon gave to the plaintiff a discharge of the mortgage under seal in statutory form wherein, after identi-

fying the mortgage, he acknowledged "satisfaction of the same." G. L. (Ter. Ed.) c. 183, § 8, appendix, form (10). See also § 54 and c. 4, § 9A. The discharge of the mortgage contained no express words of release or discharge of the note. The defendant has now brought an action at law against the plaintiff to recover the balance due on the note. The object of the amended bill is to reform the discharge on the ground of mutual mistake, so that it will release the plaintiff's liability on the note.

Both parties have assumed that the discharge of the mortgage in the statutory form did not, without more, operate as a release of liability on the mortgage note. We deal with the case as the parties have presented it, by making the same assumption, but without intimating any opinion on the point. *Latherizer Corp.* v. *Department of Public Utilities*, 278 Mass. 454, 460. *Schenck's Case*, 293 Mass. 526, 528.

Upon familiar principles the mere payment of less than the amount admittedly due, there being nothing in the nature of a compromise of a disputed claim, was not a valid consideration for a release of the remainder of the indebtedness. *Brooks* v. *White*, 2 Met. 283. *Specialty Glass Co.* v. *Daley*, 172 Mass. 460. *Moss* v. *Goldstein*, 254 Mass. 334, 336. Am. Law Inst. Restatement: Contracts, § 417, comment c. Hence it becomes important to the plaintiff to insert, if possible, words releasing liability on the note into the discharge of the mortgage, in order that he may secure a release under the sanction of a seal, which imports consideration.

The findings of the master, which need not be recited in detail, are ample to show that both parties intended that the payment of the $2,100 should completely discharge the note as well as the mortgage. The discharge form was "produced" and "filled in" in behalf of the parties by a "public stenographer" who had formerly been secretary to an attorney at law. The note was not "thought of until afterwards" "through an oversight on her part." She "supposed it would be [discharged] as 'in every case when the discharge is given.'" The plaintiff paid the $2,100

without receiving back his note and without securing any writing of acquittance other than the discharge of mortgage. That discharge was the only instrument drawn. The master's findings of particular facts are binding upon us. *MacLeod* v. *Davis*, 290 Mass. 335. They lead reasonably to the conclusion that the parties relied upon the discharge as the expression of their agreement and intended that the instrument should be so worded as to release the note as well as the mortgage, and that the failure to include the necessary words in the discharge (on the assumption that additional words were needed) was due to mutual mistake, or mutual misapprehension of the effect of the words used, by the parties and by the scrivener, who was their agent. It was proper for the trial judge and it is proper for us to draw that conclusion in the absence of findings to the contrary. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435.

It follows that the plaintiff has made out a case for reformation of the discharge. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212. *Keith* v. *Thomas*, 266 Mass. 566. *Bourbeau* v. *Whittaker*, 277 Mass. 28. *Fireman's Fund Ins. Co.* v. *Shapiro*, 286 Mass. 577.

The defendant insists that his agreement to accept in full payment less than the amount due was a "renunciation" of the note, which by G. L. (Ter. Ed.) c. 107, § 145, must be in writing where the instrument is not delivered up; that this statute is a statute of frauds; and that under the doctrine of *Glass* v. *Hulbert*, 102 Mass. 24, the discharge cannot, in the absence of a writing, be so reformed as to include a provision which the statute requires to be in writing. This point is not open to the defendant, as the statute has not been pleaded. In this aspect the case is governed by the recent decision in *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, at page 393, and cases cited, and not by *Tourtillotte* v. *Tourtillotte*, 205 Mass. 547, 551.

*Decree affirmed with costs.*